# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LOUIS HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-302-PLC |
| ) | |
| LORI ELSWORTH, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Christopher Louis Harper for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $17.17. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action for failure to state a claim and legal frivolity.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff submitted a copy of his inmate account statement from the St. Charles County Jail where he is currently incarcerated. ECF No. 3. A review of plaintiff's account from the relevant period indicates an average monthly deposit of $85.83 and an average monthly balance of $9.98. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $17.17, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On February 26, 2024, self-represented plaintiff Christopher Louis Harper filed the instant action on the Court's Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff indicates he is a pretrial detainee housed at the St. Charles County Department of Corrections Jail (the "Jail"). *Id.* at 2. He brings his claims against the Jail itself and Corporal Lori Elsworth in her individual capacity.

Plaintiff alleges defendant Elsworth violated his constitutional rights by interfering with his mail and depriving him access to the courts. *Id.* at 12-13. Plaintiff alleges that, on November 9, 2023, he handed an envelope marked "legal mail" to a non-defendant officer. The envelope consisted of a civil rights complaint against the individuals who arrested him. Plaintiff states he saw the officer place the envelope on a shelf next to other inmate mail. Shortly thereafter, plaintiff observed defendant Elsworth pick up his envelope, but not the others, and walk away with it. Plaintiff claims his envelope was never sent, which has caused a delay in the filing of his lawsuit.

3

The remainder of plaintiff's claims are alleged against the Jail. *Id.* at 14- 20. First, plaintiff complains the Jail does not provide a sufficient number of tablets or time to use the tablets so that inmates can access the electronic law library. He does not assert that he has personally been denied sufficient access nor does he explain how any lack of access has caused him injury. Second, plaintiff states that although he has been able to view the contents of a thumb drive his attorney sent him, he has not been given enough time to sufficiently review them. Third, plaintiff appears to allege he was inappropriately required to agree to buccal swabs, photographs, and fingerprinting by non-defendant defectives who did not have a proper warrant. It is unclear from the allegations whether these defendants are employees of the Jail. Fourth, plaintiff repeats the same mail related claims he asserted against defendant Elsworth, and complains that when he requested a new blank civil rights complaint form from a non-defendant officer, he was not also given an *in forma pauperis* form. Lastly, plaintiff asserts he was arrested without a proper probable cause statement or arrest warrant.

Plaintiff generally describes his injuries as "emotional distress" and fear of filing a lawsuit. *Id.* at 4. For relief, plaintiff seeks a total of $1,500,000 in monetary damages. *Id.* at 5.

## Discussion

### A. Individual Capacity Claims against Defendant Corporal Lori Elsworth

Plaintiff alleges he was denied access to the courts because his legal mail was disrupted on one occasion by defendant Elsworth. This allegation fails to state a claim for relief.

Under the First Amendment, the freedom to petition the government for redress of grievances includes the right of access to courts. *BE & K Constr. Co. v. N.L.R.B.*, 536 U.S. 516, 524-25 (2002). To state a claim premised upon denial of access to the courts, a plaintiff must demonstrate that he suffered an "actual injury" or actual prejudice to a nonfrivolous claim. *Lewis*

4

*v. Casey*, 518 U.S. 343, 351-52 (1996); *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Speculation that injuries might occur or could have occurred is insufficient. *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) ("Absent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative."). "To prove actual injury, a prisoner must demonstrate a nonfrivolous legal claim was frustrated or impeded." *Jones-El v. Godert*, No. 2:18-CV-65-JMB, 2019 WL 6727492, at *10 (E.D. Mo. Dec. 11, 2019).

Here, plaintiff's allegations do not establish that he suffered an "actual injury" as required to state a plausible claim premised upon his right of access to the courts. *Cf. Tatum v. E. Reception Diagnostic & Corr. Ctr.*, No. 4:12-CV-810-ERW, 2012 WL 1605706, at *3 (E.D. Mo. May 8, 2012), *aff'd* (Oct. 4, 2012) (plaintiff's allegation that defendant tore up his legal mail is not actionable without showing an actual injury). Plaintiff alleges he attempted to file a complaint on November 9, 2023 against the officers who arrested him. He confirmed this Court did not receive his complaint a month and two weeks after he attempted to mail the forms. *See* ECF No. 1 at 17. Plaintiff requested a new complaint form on January 24, 2024, which was provided to him the following day. *Id.* at 19. Within one month of receiving the new complaint form, plaintiff successfully filed the instant complaint. He was also able to file a second complaint against twenty defendants, including those officers who arrested him. *See Harper v. Monnig, et al.*, Case No. 4:24-CV-297-PLC (E.D. Mo. Feb. 25, 2024). Plaintiff alleges the delay caused him "emotional distress," but he does not allege injury as to the adjudication of his civil rights claims.

Therefore, plaintiff has not alleged a sufficient factual basis to support a finding of actual prejudice. As such, plaintiff's complaint cannot pass initial review as to the access to courts issue and the Court will dismiss the claim.

## B. Claims against the St. Charles County Department of Corrections Jail

Plaintiff's claims against the St. Charles County Department of Corrections Jail must be dismissed because a jail is not a distinctly suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Consequently, plaintiff's complaint is legally frivolous and/or fails to state a claim against the Jail.

Even if St. Charles County was substituted as the defendant, plaintiff still fails to state a claim. Unlike the Jail, a local governing body such as St. Charles County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff provides no allegations that St. Charles County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights. Indeed, there is no mention whatsoever of any policy or custom anywhere in the complaint, and there are no allegations regarding a pattern of similar constitutional violations by other St. Charles County employees. St. Charles County itself is not mentioned in the statement of the claim. Therefore,

plaintiff's claims against the Jail must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

The Court will not provide plaintiff the opportunity to amend his complaint because doing so would be futile. Not only is the Jail not a suable entity under § 1983, but plaintiff has also failed to show an actual injury from a lack of sufficient access to the law library tablets or the thumb drive his attorney provided him. The Eighth Circuit has recognized that, when bringing an access-to-courts claim, it is insufficient to merely allege a denial of access to a specific resource, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996). Instead, the plaintiff must plead (and ultimately prove) that the lack of the resource deprived him of some specific opportunity to defend himself or advance a viable legal claim in a criminal appeal, postconviction matter, or civil rights action. *Id. See also Casey-El v. Greenwell*, 2005 WL 2298199 (E.D. Mo. Sept. 21, 2005) (allegations that there is no law library at the county jail failed to state a claim of denial of access to courts because there was no indication that inmates had suffered actual prejudice to a nonfrivolous case). Plaintiff has not done that here as he was able to file the instant case. Further, as to plaintiff's claims regarding the circumstances of his arrest, plaintiff has already brought a second separate action against the individuals allegedly involved, which remains pending before this Court. *See Harper v. Monnig, et al.*, Case No. 4:24-CV-297-PLC (E.D. Mo. Feb. 25, 2024).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $17.17 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 4th day of April, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE